## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re   Lynn C. Williams<br>           Debtor | Case No: 12-19080-jkf |
| Lynn C. Williams<br>Plaintiff<br>v. | Chapter 13 |
| Wilshire Credit Corporation/<br>Bank of American<br>Defendant | |
| | Adv. Proc. No. _____ |

## COMPLAINT OF THE DEBTORS PURSUANT TO 11 U.S.C. § 506(A) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF SECURITY AND RELEASE WILSHIRE CREDIT CORPORATION/BANK OF AMERICA'S UNDERLYING LIEN ON DEBTORS' PROPERTY

NOW COMES Lynn C. Williams (hereinafter referred to as "Debtors"), by and through her attorneys, JACOBY AND MEYERS BANKRUPTCY, LLP, and move this Honorable Court for entry of an Order to Avoid second Mortgage, and in support thereof respectfully represent as follows:

1. On September 26, 2012, Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. This Honorable Court has jurisdiction pursuant to § 157 and § 1334 of Title 28, United States Code.

3. This is a core proceeding within the meaning of § 157(B)(1) and (2) of Title 28, United States Code.

4. Venue is proper pursuant to § 1409 of Title 28, United States Code.

5. This Honorable Court has not yet confirmed Debtors' Chapter 13 plan.

6. Debtors' real estate, located at 282 Hampden Road, Upper Darby, PA

1

19082-4807 (hereinafter referred to as "Property"), is valued at $64,000.00. (See attached Comparative Market Analysis as "Exhibit A").

7. Debtors' Property is encumbered by a first mortgage held by Ocwen Loan Servicing, LLC (hereinafter "Ocwen"), whose balance at the time of filing was $72,222.28. (See attached pay off statement as "Exhibit B").

8. Debtors obtained a second mortgage on the Property with Wilshire Credit Corporation/Bank of America (hereinafter "Wilshire"), whose balance at the time of filing was $20,912.00.

9. The value of the property is $64,000.00, which is less than the balance of the first mortgage of $72,222.28.

10. Because the value of the property is less than the balance of the first mortgage, the second mortgage is wholly unsecured and not entitled to protection under 1322(b)(2).

11. Avoiding the second mortgage lien held by Wilshire is necessary for the Debtors' fresh start.

WHEREFORE, DEBTORS pray that this Honorable Court enter an order for the following relief:

- That this Court hold that Plaintiff may avoid Wilshire's second mortgage on the property located at 282 Hampden Road, Upper Darby, PA 19082-4807.

- That upon successful completion of the plan and upon entry of discharge, Wilshire shall release its lien. In the additional event that Wilshire or

its successors and assigns, fails to execute and deliver to the Debtors any termination statement or other document that is or may be required by law to release the mortgage, the Court reserves jurisdiction to enforce this Order.

- That should the Debtor's case be dismissed or converted to a Chapter 7, this order will be void and the lien of Wilshire will remain intact.
- That the Plaintiff have such and other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Michael P. Gigliotti
Michael P. Gigliotti, Esquire
Identification No. 207205
Jacoby & Meyers Bankruptcy, LLP
111 S. Independence Mall East
Bourse Building, Suite #555
Philadelphia, PA 19106
Telephone Number (215) 238-5251
Telecopier Number (215) 238-5254
Attorney for Debtors

Date: November 6, 2013